1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODERICK L. MITCHELL,                         No.  2:14-cv-2994 GEB DAD PS

12                     Plaintiff,

13           v.                                      FINDINGS AND RECOMMENDATIONS

14    JERRY BROWN, et al.,

15                     Defendants.

16

17           Plaintiff Roderick Mitchell is proceeding in this action pro se.  This matter was referred to

18    the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff

19    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20           Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. §

21    1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22    status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23    proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24    the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25    Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26    also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

27    examine any application for leave to proceed in forma pauperis to determine whether the

28    proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

                                                      1

1  bound to deny a motion seeking leave to proceed in forma pauperis.").

2        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

3  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

4  state a claim on which relief may be granted, or seeks monetary relief against an immune

5  defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

6  arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

7  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

8  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

9  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

11  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

12  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

13  true the material allegations in the complaint and construes the allegations in the light most

14  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

15  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

16  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

18  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20        The minimum requirements for a civil complaint in federal court are as follows:

21          A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
22          jurisdiction depends . . . , (2) a short and plain statement of the
        claim showing that the pleader is entitled to relief, and (3) a demand
23          for judgment for the relief the pleader seeks.

24  FED. R. CIV. P. 8(a).

25  /////

26  /////

27  /////

28  /////

1    Here, the court's records reveal that the complaint filed in this action is identical to the

2    complaint plaintiff has filed in the matter of <u>Roderick L. Mitchell v. Jerry Brown, et al.</u>, No. 2:14-

3    cv-2993 MCE AC, which is currently pending in this court and is at later stage in the proceedings

4    than this action.[1]  Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are

5    subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  <u>See</u>, <u>e.g.</u>, <u>Cato v.</u>

6    <u>United States</u>, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); <u>McWilliams v. State of Colo.</u>, 121 F.3d

7    573, 574 (10th Cir. 1997); <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th Cir.1993); <u>Bailey v.</u>

8    <u>Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988).  An in forma pauperis complaint that merely

9    repeats pending or previously litigated claims may be considered abusive and dismissed under §

10   1915.  <u>Cato</u>, 70 F.3d at 1105 n. 2; <u>Bailey</u>, 846 F.2d at 1021.  Repeating the same factual

11   allegations asserted in an earlier case, even if now filed against new defendants, is subject to

12   dismissal as duplicative.  <u>See</u>, <u>e.g.</u>, <u>Bailey</u>, 846 F.2d at 1021; <u>Van Meter v. Morgan</u>, 518 F.2d

13   366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a

14   stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive

15   disposition of litigation." <u>Adams v. California</u>, 487 F.3d 684, 688, 692 (9th Cir. 2007).  "[I]n

16   assessing whether the second action is duplicative of the first, we examine whether the causes of

17   action and relief sought, as well as the parties or privies to the action, are the same."  (<u>Id.</u> at 689.)

18   Here, plaintiff's complaint in this action raises the same allegations as those made against

19   the same defendant and is seeking the same relief as that sought in <u>Roderick L. Mitchell v. Jerry</u>

20   <u>Brown, et al.</u>, No. 2:14-cv-2993 MCE AC.  Indeed, the complaints in the two actions are

21   identical.  The undersigned finds, therefore, that this action should be dismissed as duplicative of

22   plaintiff's earlier filed action in this court.

23   /////

24   /////

25   /////

26   ────────────────────

27   [1]  This court may take judicial notice of its own records.  <u>See</u> <u>United States v. Howard</u>, 381 F.3d
     873, 876 n. 1 (9th Cir. 2004); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980); <u>see</u> <u>also</u>

28   FED. R. EVID. 201 (court may take judicial notice of facts that are capable of accurate
     determination by sources whose accuracy cannot reasonably be questioned).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 29, 2014 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's December 29, 2014 complaint (Dkt. No. 1) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\mitchell2994.ifp.dup.f&rs.docx