|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK L. MITCHELL,

        Plaintiff,

   v.

JERRY BROWN, et al.,

        Defendants.

No. 2:14-cv-2994 GEB DAD PS

ORDER

Plaintiff Roderick Mitchell is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

On July 9, 2015, the undersigned issued findings and recommendations, recommending that plaintiff's in forma pauperis application be denied and that his complaint be dismissed as duplicative of the complaint he filed in the matter of Roderick L. Mitchell v. Jerry Brown, et al., No. 2:14-cv-2993 MCE AC, which is currently pending in this court and is at later stage in the proceedings than this action. (Dkt. No. 3.) On July 21, 2015, however, plaintiff filed objections in which he argues that his complaint filed in this action in not duplicative of the earlier filed action. (Dkt. No. 4.)

In light of the arguments found in plaintiff's objection and upon further review of the two complaints, the undersigned finds that, although the two complaints are almost word-for-word

1   copies of one another, the complaint in the earlier filed action alleges that California Penal Code §
2   290.46 violates the Ex Post Facto Clause of the U.S. Constitution.  In contrast, in this action
3   plaintiff is attempting to allege that California Penal Code § 3000.07(a) and/or California Penal
4   Code § 3004(b) violates the Ex Post Facto Clause of the U.S. Constitution.[1]

5          Accordingly, the July 9, 2015 findings and recommendations will be vacated and
6   plaintiff's motion to proceed in forma pauperis will be granted.  However, the court must dismiss
7   an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is
8   determined that the action is frivolous or malicious, fails to state a claim on which relief may be
9   granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A
10  complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v.
11  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
12  1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327; 28 U.S.C. § 1915(e).

15         To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
16  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
17  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
18  true the material allegations in the complaint and construes the allegations in the light most
19  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
20  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
21  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
22  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

---

[1] In this regard, plaintiff argues in his objections that "[t]his complaint challenges Jessica's Law (Penal Code 3003.5(b)) requiring Plaintiff to be Mounted [sic] with a GPS device . . . ." (Dkt. No. 4 at 2.)  However, California Penal Code § 3003.5(b) actually provides that a sex offender cannot reside within 2000 feet of a school or park.  Conversely, it is § 3000.7 which requires that sex offenders be monitored by a global positioning system ("GPS") for parole and § 3004 requires sex offenders to be monitored by GPS for life.  See Jensen v. Hernandez, 864 F. Supp.2d 869, 941 (E.D. Cal. 2012).  Thus, it is unclear which statute plaintiff in this action is alleging is unconstitutional.

2

conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint alleges, essentially, that on November 4, 2000, he was convicted of a sex offense and sentenced to state prison.  In November of 2005, California enacted the requirement that sex offenders be monitored by GPS.  "Upon release [plaintiff] was ordered to be mounted with a GPS tracking device," which plaintiff argues violated the Ex Post Facto Clause of the United States Constitution.  (Compl. (Dkt. No. 1) at 12.)  In his complaint plaintiff names the California Department of Corrections and Rehabilitations and California Governor Jerry Brown as defendants and seeks an order finding that "defendants are in violation of ex post facto clause . . . by applying statute retroactively," as well as an "injunction" that would "enjoin defendants from implementing [the law] upon plaintiff."  (Id. at 17.)

The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ."  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

Here, the complaint's 42 U.S.C. § 1983 claim may not be brought against the California Department of Corrections and Rehabilitations.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (suit seeking injunction "against the State and its Board of Corrections is barred by the Eleventh

1  Amendment"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of
2  Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment.").

3  With respect to the Governor, "[a]n exception under Ex Parte Young, 209 U.S. 123 (1908)
4  . . . allows citizens to sue state officers in their official capacities 'for prospective declaratory or
5  injunctive relief . . . for their alleged violations of federal law,'" however, "[t]he state official
6  'must have some connection with the enforcement of the act.'" Association des Eleveurs de
7  Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (quoting Coal. to
8  Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012)).  It appears from the
9  allegations found in plaintiff's complaint that he has named Governor Brown as a defendant in
10 this action simply based on his general duty to enforce California law.  "[T]his is an insufficient
11 connection to the enforcement of this law to overcome the bar of sovereign immunity." Mitchell
12 v. Brown, No. 2:14-cv-2993 MCE AC PS, 2015 WL 3993149, at *3 (E.D. Cal. June 30, 2015).
13 See also Association des Eleveurs de Canards et d'Oies du Quebec, 729 F.3d at 943 ("Governor
14 Brown is entitled to Eleventh Amendment immunity because his only connection to § 25982
15 [banning the sale of foie gras] is his general duty to enforce California law"), cert. denied,
16 ___U.S.___, 135 S. Ct. 398 (2014).

17 Accordingly, plaintiff's complaint will be dismissed and he will be granted leave to file an
18 amended complaint naming the proper defendant.[2]  Plaintiff is cautioned, however, that if he
19 elects to file an amended complaint "the tenet that a court must accept as true all of the
20 allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of
21 the elements of a cause of action, supported by mere conclusory statements, do not suffice."
22 Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they
23 must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the
24 claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S.
25 at 557).
26 /////

---

[2] In any amended complaint he elects to file, plaintiff should also address exactly what section or sections of the California Penal Code he is seeking to challenge in this action.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 9, 2015 (Dkt. No. 3) are vacated.

2. Plaintiff's December 29, 2014, application to proceed in forma pauperis (Dkt. No. 2) is granted.

3. The complaint filed December 29, 2014 (Dkt. No. 1) is dismissed with leave to amend.

4. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. Any amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."[3]

5. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: October 13, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Ddad1\orders.pro se\mitchell2994.vac.lta.ord.docx