UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL, | No. 2:14-cv-2994 GEB DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DANIEL STONE, DIRECTOR DIVISION OF ADULT PAROLE OPERATIONS AND ROBERT AMBROSELLI, REGIONAL PAROLE ADMINISTRATOR, | |
| Defendants. | |

This matter came before the court on October 7, 2016, for hearing of defendants' motions to dismiss.[1] Plaintiff Roderick Mitchell appeared on his own behalf. Attorney R. Lawrence Bragg appeared on behalf of the defendants. After hearing oral argument, defendants' motions were taken under submission.

For the reasons stated below, the undersigned will recommend that defendants' motions to dismiss be granted.

////

////

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

# BACKGROUND

Plaintiff is proceeding in forma pauperis on an amended complaint filed on November 4, 2015. (ECF Nos. 5 & 6.) Therein, plaintiff alleges as follows. In November of 2000, plaintiff was found guilty of "sex offences." (Am. Compl. (ECF No. 6) at 2.[2]) In 2006, California Penal Code § 3000.07, (part of the Sexual Predator Punishment and Control Act, also known as "Jessica's Law"), was enacted. (Id.) § 3000.07 provides, in relevant part, that any inmate convicted of a "registerable sex offense" who is later released on parole must be monitored by a global positioning system ("GPS") device for the duration of the parole. Plaintiff was paroled in 2011. (Pl.'s Reply (ECF No. 28) at 7.) Upon his release on parole, plaintiff was forced to comply with § 3000.07 by wearing a GPS device. (Am. Compl. (ECF No. 6) at 11.) Based on these allegations, the amended complaint alleges that § 3000.07 violated the Ex Post Facto Clause and plaintiff's right to due process. (Id. at 4.)

Defendant Ambroselli filed the pending motion to dismiss on July 11, 2016. (ECF No. 17.) Plaintiff filed an opposition on July 26, 2016. (ECF No. 18.) Defendant Ambroselli filed a reply on August 3, 2016. (ECF No. 22.) Defendant Stone filed a motion to dismiss on August 8, 2016. (ECF No. 23.) Plaintiff filed an opposition on August 19, 2016. (ECF No. 28.) Defendant Stone filed a reply on September 9, 2016. (ECF No. 30.)

# STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

As noted above, the amended complaint alleges that § 3000.07 violated the Ex Post Facto Clause and plaintiff's right to due process. Plaintiff seeks "monetary damages and the immediate stay from the applying of Penal Code [§] 3000.07 against Plaintiff." (Am. Compl. (ECF No. 6) at 5.) For the reasons explained below, the undersigned finds that the court cannot grant plaintiff

the relief he seeks.  Accordingly, the amended complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

I.      The Eleventh Amendment and Monetary Damages

As raised by defendants in their motions to dismiss, plaintiff's claims are brought against the defendants in their official capacities.[3] (Def. Ambroselli's MTD (ECF No. 17-1) at 9-10; Def. Stone's MTD (ECF No. 23-1) at 10.)  The Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or a state agency unless the state or agency consents to such suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."); Nesbit v. Dep't of Pub. Safety, 283 Fed. Appx. 531, 533 (9th Cir. 2008) (concluding that the district court properly dismissed prisoners' claims against defendants acting in their "official capacities"); Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must

---

[3] Although plaintiff's opposition attempts to dispute defendants' characterization, his opposition only serves to prove defendants' assertion.  In this regard, plaintiff argues in his opposition not that the defendants personally required him to comply with § 3000.07, but that they are charged with "overseeing" parole agents and sit on the board of the "sex offender supervision and GPS Monitoring task force." (Pl.'s Opp.'n (ECF No. 18) at 9; Pl.'s Opp.'n (ECF No. 28) at 9.)

1  extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

2      The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."[4]  Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).  "Eleventh Amendment immunity also shields state officials from official capacity suits."  Krainski, 616 F.3d at 967.

    Accordingly, the Eleventh Amendment bars the amended complaint's § 1983 claims for monetary relief.

    II.    <u>Injunctive Relief and Mootness</u>

    The Eleventh Amendment does not, however, bar § 1983 claims for prospective injunctive relief.  See Will, 491 U.S. at 71 n. 10.  "When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes."  Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997) ("a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity"); see also Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003) ("suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not").

    Nonetheless, defendants have asserted that plaintiff was "discharged from parole on April 10, 2016, and no longer is required to wear the GPS monitoring device as a condition of his parole." (Def. Amborselli's MTD (ECF No. 17-1) at 10-11.)  In support of this assertion, defendants have requested that the court take judicial notice of plaintiff's "CDCR Face Sheet,"

---

[4] Plaintiff's claims in this action are brought pursuant to 42 U.S.C. § 1983.  In this regard, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

which states that plaintiff was discharged from parole on April 10, 2016.[5]  (Carpenter Decl. (ECF No. 17-2) at 4, 7.)

Plaintiff does not dispute that he has been discharged from parole and is no longer subject to the requirements of §3000.07 but argues instead that he "suffered the wrong" and still suffers the physical, emotional, and mental scars "of the mounting of the GPS" device.  (Pl.'s Opp.'n (ECF No. 18) at 11-12.)

> Plaintiff's discharge from parole renders plaintiff's claim for injunctive relief moot.  If plaintiff is no longer on parole, the court cannot grant injunctive relief with respect to the continued imposition or enforcement of plaintiff's GPS-related conditions of parole, as plaintiff is no longer subject to any conditions of parole.

Holston v. Warstler, No. 2:15-cv-0981 AC P, 2016 WL 4679818, at *3 (E.D. Cal. Sept. 6, 2016); see also Corelleone v. California, No. CV 12-9109 GW (PJW), 2014 WL 5660782, at *2 (C.D. Cal. Nov. 3, 2014) (finding claims moot where petitioner was "no longer subject to any of these conditions because his parole ended in September 2013"); Jacobson v. California Dept. of Corrections, No. 1:06-cv-0702 LJO TAG HC, 2009 WL 57603, at *2 (E.D. Cal. Jan. 9, 2009) ("To the extent that Petitioner challenges the purportedly unconstitutional conditions of parole, i.e., warrantless searches, this claim is also moot, Petitioner having served his underlying sentence and having been discharged from parole arising from that sentence."); cf. Maciel v. Cate, 731 F.3d 928, 930 (9th Cir. 2013) ("We find Maciel's challenge to his parole term moot because he is no longer on parole."); Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class

---

[5] Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters or public record.").

action.").

Although plaintiff does not argue that this action falls under the exception to the mootness doctrine, which permits courts to review conduct that is "capable of repetition, yet evading review," the undersigned has considered the application of the exception. Wolfson v. Brammer, 616 F.3d 1045, 1053-54 (9th Cir. 2010). Under this exception, a court may consider a case that would otherwise be deemed moot "where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17 (1998) (alterations and citation omitted).

Here, this action satisfies neither condition. In this regard, it does not appear that the time between the imposition of the parole condition and the discharge of the parole term is always so short as to evade review. Nor is plaintiff reasonably likely to be sentenced to parole again and be subjected to the same parole condition at issue. Id. at 18 (finding that petitioner's case did not fall within the exception to the mootness doctrine where petitioner failed to show that "the time between parole revocation and expiration of sentence is always so short as to evade review" and had not "demonstrated a reasonable likelihood that he will once again be paroled and have that parole revoked").

For the reasons stated above, the undersigned finds that the court cannot grant plaintiff the relief requested in the amended complaint. In this regard, the amended complaint fails to state a claim on which relief may be granted. Accordingly, the undersigned recommends that defendants' motions to dismiss be granted.[6]

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may further amend his pleading to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

---

[6] In light of this finding, the court need not address defendants' remaining arguments.

7

Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above the undersigned finds that it would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 17, 2016 (ECF No. 17) and August 8, 2016 (ECF No. 23) motions to dismiss be granted;

2. The November 4, 2015 amended complaint (ECF No. 6) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mitchell2994.mtd2.f&rs